**CARROLL v. FIRST NAT. BANK OF CARTER et al.**

No. 18623. Opinion Filed Sept. 11, 1928.

(Syllabus.)

1. Interpleader—Disclaimer by Defendant—Action Against Bank on Cashier's Check—Intervention by Third Party Claiming Ownership.

Where, in an action brought against a bank upon a cashier's check issued by it, the defendant bank, before answer, files an affidavit showing that a third party, without collusion with the bank, makes a claim to the subject of the action, in conformity with the provisions of section 226, C. O. S. 1921, and such third party asks leave to intervene, there is no error in permitting such third party to intervene.

2. Same—Intervener's Answer and Cross-Petition Held Sufficient.

Record examined, and held, the answer and cross-petition of intervener state a cause of action.

3. Appeal and Error—Review—Verdict on Conflicting Evidence Not Disturbed.

A verdict of a jury returned under proper instructions on conflicting evidence will not be disturbed upon appeal, if there is any competent evidence supporting such verdict.

Commissioners' Opinion, Division No. 2.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by Leo Carroll against the First National Bank of Carter, C. L. Cummings, intervened. Judgment for intervener, and plaintiff appeals. Affirmed.

Aiden E. Allen, for plaintiff in error.

Oscar Speed and Arthur Leach, for defendants in error.

DIFFENDAFFER, C. The parties will be designated as in the court below. Plaintiff brought his action against the First National Bank of Carter, Okla., upon a cashier's check issued by said bank, dated October 30, 1925, in the sum of $240 payable to the order of Earl Cummings, alleging that on or about the 30th day of October, 1925, Earl Cummings for value endorsed the check and delivered it to plaintiff, and that plaintiff purchased same in good faith in due course, and that he was an innocent purchaser thereof in due course, and that on or about the 4th day of December, 1925, he presented said check through his banking agencies to defendant bank, but payment was refused and the check was protested.

Thereafter, and before answer, defendant, First National Bank, filed an affidavit of one Guy Ford, its vice president, which, omitting the formal part thereof, was:

"That the above-entitled action is one for the recovery of judgment against the defendant upon a certain check issued by said corporation in the sum of $240. That said check was issued by the defendant at the request of one C. L. Cummings, he having paid to the defendant the sum of $240. That the said C. L. Cummings, without collusion on the part of this defendant, has and makes a claim to the ownership of the certain check sued upon, the subject of this action, and asserts and claims that the plaintiff in this action is not the rightful or legal owner and holder of the check sued upon, and has and does forbid this defendant from paying to the plaintiff the amount and sum specified in the check sued upon. That this defendant is ready and willing, and has been at all times ready and willing and able to pay said check upon presentation, but by reason of ownership asserted by the plaintiff and the said C. L. Cummings, this defendant has deemed it unsafe to pay the amount and sum specified in the check to the plaintiff. That the plaintiff here and now tenders and offers to pay into court or to such person as the court may direct the said sum of $240, and asks that the claimant, C. L. Cummings, be required to set up his claim and interest in and to said check, if any he has, and that the defendant herein be relieved of further liabilities and from any judgment against it in this cause."

Thereafter, defendant bank filed its answer, wherein it alleged in substance that, on or about October 30, 1925, for a consideration paid to it by C. L. Cummings, it did at the request of said C. L. Cummings issue the check in question payable to the order of Earl Cummings, and delivered the same to Earl Cummings; that, thereafter, and before said check was presented to defendant for payment, C. L. Cummings notified defendant not to pay said check, stating and informing defendant that said check had not been lawfully obtained by plaintiff, and that the signature of the payee, Earl Cummings, and the possession of said check had been obtained by plaintiff by fraud, and that C. L. Cummings was the rightful and legal owner of the check and all benefits thereunder; further alleging that defendant bank had no interest in said check and desired to and was willing to pay the amount due thereon to the rightful and legal owner thereof; that it does not know who is the rightful and legal owner thereof and entitled to payment on same. It then alleged the filing of the affidavit to such effect, and alleged that it was ready and willing to pay the $240 to such person or persons as the court may adjudge and decree entitled to same; and further prayed that C. L. Cummings be made a party defendant; that his right, if any he had, to the check might be determined. On the same day that the bank filed its answer, C. L. Cummings filed a petition, asking that he be made a party, and that he be allowed to file an answer and cross-petition, and in which he set out, in substance, that he purchased and paid for the check in question, and requested that Earl Cummings be made the payee therein, and delivered the check to Earl Cummings to be surrendered to plaintiff only upon condition that a certain rental contract and lease be entered into and consummated between plaintiff Earl Cummings and himself, and that said check was placed in some bank in Hinton by said Earl Cummings, to be by it held pending the consummation of said lease contract; that said lease contract was never closed and consummated, and that said bank in Hinton wrongfully permitted plaintiff to obtain possession of the check, and that plaintiff by fraud asserts ownership thereof. The trial court allowed the application of C. L. Cummings to be made a party, and, thereafter, C. L. Cummings filed what was termed an "Answer and Petition of C. L. Cummings, Intervener," in which he alleged, in substance:

That about October 1, 1925, the exact date being unknown at this time, this intervener, C. L. Cummings, who was then residing near Hinton, Okla., made and en-

tered into a contract and agreement, with the plaintiff, Leo Carroll, in which contract and agreement it was stipulated and agreed that the plaintiff, Leo Carroll, would and did lease and let unto this intervener, C. L. Cummings, and his said brother, Earl Cummings, a certain farm owned by the plaintiff and located in Canadian county, Okla., said lease to begin with the year 1926, the said plaintiff, Leo Carroll, to have and receive as rental for said farm the usual crop rents, a third and fourth; that as part of said rental contract and agreement, it was further stipulated and agreed by and between the parties thereto, that the said Earl Cummings would purchase of and from the said plaintiff and the said plaintiff would sell and deliver to the said Earl Cummings a team of mules, wagon, harness, certain household goods, and a lot of feed, and the said Earl Cummings was to pay to the plaintiff for said property the sum of $750, and to give his personal note therefor, and a chattel mortgage on the property purchased, and upon his share and portion of the crops to be grown on the lands leased from said plaintiff; that, thereafter, if plaintiff represented to him that on account of plaintiff's standing with his bank, it would be necessary that he be paid $250 in cash on the purchase price of said property, and that unless he be paid said sum in cash, the deal could not go through; that thereupon intervener went to defendant bank and borrowed from it the sum of $250, receiving $10 in cash which he paid to plaintiff and Earl Cummings to cover their expenses, and for the balance $240, the cashier's check in question was issued and made payable to and delivered to Earl Cummings, with instructions given in the presence of plaintiff to surrender and deliver the check to plaintiff only when and upon condition that the lease and rental contract for said farm and the sale of said property was fully consummated, and the lease executed in accordance therewith; that, thereafter, plaintiff demanded that, in addition to signing the note with Earl Cummings for the balance of the purchase price of the property, which Earl Cummings was buying from plaintiff, intervener execute a mortgage on his part of the crop to be raised on plaintiff's farm to secure said note, which was a new demand with which intervener could not comply; that thereupon it was agreed that the contract and agreement should no longer be considered, and that all parties were to be released from all liability, and Earl Cummings was to return to

plaintiff, and plaintiff was to accept, that part of the property which had been delivered to Earl Cummings, and that intervener was to have the check returned to him; that thereafter, in some way unknown to intervener, plaintiff had obtained possession of the check, which had been endorsed by Earl Cummings when he left same with the bank in Hinton; that Earl Cummings had returned to plaintiff the property mentioned, but the check had never been returned to intervener, and that plaintiff was not a holder of the check in due course for value, but had specifically agreed that said check might be delivered to intervener, but had subsequently obtained possession thereof by falsely representing to the bank that he was entitled thereto; that intervener was the rightful owner of the check and entitled to all the rights and benefits thereof.

The plaintiff filed a motion to strike that part of the answer of the bank, asking that C. L. Cummings be made a party. The court struck certain portions of the answer, it not appearing with certainty the particular allegation that was stricken, but allowed C. L. Cummings to be made a party.

Plaintiff then demurred to the answer and cross-petition of C. L. Cummings, on the grounds that it did not state facts sufficient to constitute a defense; that it joins no issue and can join no issue with plaintiff in this action; misjoinder of parties; that same is not verified; misjoinder of cause of action; that the court has no jurisdiction of the defendant on the issue sought to be injected; and that C. L. Cummings had no right to intervene. The demurrer was overruled, and plaintiff filed what he termed an "Answer to the petition and cross-petition, or counterclaim," consisting of a general denial, and cross-petition or counterclaim, in which he alleged, in substance, that the check was given in payment for certain kaffir corn sold by plaintiff to Earl Cummings, and that if it be true that C. L. Cummings was a party to the proposed rental contract, then he was also responsible to plaintiff for the purchase price thereof, and that by reason of the acts of C. L. Cummings in stopping payment of the $240 check, plaintiff was damaged in that sum, together with the expenses incurred by plaintiff in ascertaining the cause thereof and collecting same in the sum of $60; that the arrangement he had with Earl Cummings, whereby he was to sell him the personal property, was that he was to sell

Earl Cummings two mules at $325, harness $70, wagon $70, cabinet $15, davenport $10, and table $15, making a total of $505, for which a note and mortgage was be given in lieu of one held by the bank, and, in substance, that the sale of the kaffir corn was a separate contract; that Earl Cummings and C. L. Cummings, if the latter was a party to the lease arrangements, by refusing to carry out same, had damaged plaintiff in the further sum of $300, in that relying on their promise to rent plaintiff's farm for the ensuing year, he, plaintiff, had rented another farm and put up a forfeit of $300 with the owner, which plaintiff was compelled to pay, or allow his own farm to lie idle the next year to his greater damage, and prayed for judgment against C. L. Cummings for the total sum of $600.

C. L. Cummings replied by general denial, and the issues as thus joined were tried to a jury, resulting in a verdict and judgment in favor of the intervener, C. L. Cummings, from which plaintiff appeals.

There are nine specifications in the petition in error. The second and fifth, however, are the same. The third and fourth and seventh assignments go to the order of the court allowing the intervention and ruling on the motion to strike and demur. These questions were not specifically raised in the motion for new trial, and are not properly here for review, except, perhaps, the question as to whether the answer and cross-petition of intervener state a cause of action.

Section 226, C. O. S. 1921, in part provides:

"Upon affidavit of a defendant, before answer, in any action upon contract, or for the recovery of personal property, that some third party, without collusion with him, has or makes a claim to the subject of the action, and that he is ready to pay or dispose of the same, as the court may direct, the court may make an order for the safekeeping, or for the payment, or deposit in court, or delivery of the subject of the action, to such persons as it may direct, and an order requiring such third party to appear, in a reasonable time, and maintain or relinquish his claim against the defendant."

It then provides that if such third party, being served with a copy of the order, fail to appear, the court may declare him barred from all claim in respect to the subject of the action against the defendant therein. It then provides:

"If such third party appear, he shall be allowed to make himself defendant in the action, in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action, upon his compliance with the order of the court, for the payment, deposit or delivery thereof."

In view of the above section, we think the bank had a clear right to have C. L. Cummings made a party, and that under the general rule that, where a third person has such an interest in the matter in litigation and of such a direct and immediate character that he would either gain or lose by the direct legal operation and effect of the judgment, such third party is entitled to intervene, Cummings was properly allowed to intervene in the instant case.

The matter in litigation was the payment of the check; that is, Who was entitled to the $240 for which the bank admitted it was liable and stood ready to pay? According to the pleading of intervener, he furnished the money with which the cashier's check was purchased. The check was for a specific purpose to pay plaintiff that sum upon purchase price of certain property, if and when the rental contract or lease for the farm was consummated. It was to be placed with a bank to be held until the lease contract was executed and delivered. The lease contract was never consummated for the reason that plaintiff demanded new and additional security on the note which intervener had agreed to sign with his brother, which intervener had not agreed and would not agree to give. All this was known to plaintiff, and in addition thereto, the pleading alleged that when the lease arrangement failed, it was mutually agreed between all the parties that each was to be released from any further liability thereunder upon return of so much of the property as had been delivered, and that the check was to be returned to intervener, and it was further alleged that the property had been returned and that intervener was entitled to the check, and that plaintiff had wrongfully obtained possession thereof. The truth of all these allegations was admitted by the demurrer. If these allegations were true, intervener was certainly entitled to have the check returned to him, that he might obtain the money with which to repay the bank that which he had borrowed in order to purchase the check. The answer and cross-petition stated a cause of action and there was no error in overruling the demurrer.

The third assignment is that the court

erred in overruling the motion for judgment upon the pleadings. The answer and cross-petition having stated a good cause of action, the error, if any, was in favor of plaintiff, but we think no error was committed in this respect.

The fifth assignment goes to the admission of certain evidence over the objection of plaintiff. We have carefully examined the record, and it appears that the trial court protected the rights of the parties at the trial, and that the evidence complained of was clearly admissible.

The other assignments of error go to the sufficiency of the evidence. There was evidence to sustain the verdict. The case was fairly tried and submitted to the jury by proper instructions, of which no complaint is made, and the jury found in favor of intervener, and its verdict should not be disturbed.

The judgment should be and is hereby affirmed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 513. (3) 4 C. J. p. 858, §2336; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73; 7 R. C. L. Supp. p. 36.